[L. A. No. 13295.   In Bank.—September 28, 1933.]

GEORGE H. RANDELL et al., Respondents, v. RALPH R. RANDELL et al., Appellants.

Drumm, Tucker & Drumm for Appellants.

Head, Wellington & Jacobs for Respondents.

LANGDON, J.—This is an action to partition property consisting of an 80-acre fruit ranch near Orange, Califor-

nia, shares in a water company, and about $1300 cash. Plaintiff George Randell is the father of defendant Ralph Randell and of Laura Randell. Plaintiff lived on the property and managed and cared for it, keeping all books and other records. Defendant Ralph Randell lived in Washington, D. C., and his sister lived in Los Angeles. Said defendant and his sister advanced money to plaintiff for the purpose of improving the property, and in September, 1922, a statement of their interest was prepared. Shortly afterwards, in October, 1922, a written contract was drafted and signed by the parties, based on the above-mentioned statement. In January, 1928, Laura Randell sold her interest to her father, and the present action involves only the remaining two parties, and their wives. The trial court gave its interlocutory judgment, finding that the contract determined the interests of the parties, that plaintiff was the owner of 55/100 thereof, and defendant of 45/100. Subsequently the referee filed his report, and this appeal was taken.

The written contract of October 20, 1922, provides that the interests of the parties shall be determined by their "contributions". Defendant's chief attack on the judgment is that it gives plaintiff credit for certain items which are not properly included within the meaning of contributions. The contract defines the term as follows: "'Contributions' means all cash and other values hereafter furnished, in accordance with the provisions of this agreement, by any of the undersigned for use in connection with 'the property', if and to the extent that such cash and other values are approved in writing by all of the undersigned." The court allowed plaintiff credit for numerous items, including $4,500 for services in overseeing work on the ranch (seven and one-half years at the rate of $50 per month); and $422.94 for use of an automobile at seven cents per mile. Defendant argues that plaintiff is not entitled to credit for these items because the other parties did not approve them in writing. There are several answers to this contention. The contract makes the further provision "that whenever the needs of 'the property' requires a 'contribution', all of the undersigned shall have the right to furnish parts of such 'contributions' in proportion to their then 'equities'. Provided, that if any of the undersigned shall fail promptly

to furnish their such part or parts, or any portion thereof, then the remaining of the undersigned may furnish such delinquent part or parts, or such portion thereof, on a similar *pro rata* basis.'' The only reasonable interpretation to be given this provision is that despite the absence of written approval, a contribution might be properly made by one party where necessary, and where the others failed to meet their share. This was, in fact, the situation. Plaintiff lived on the property, and both of his children permitted him to carry on all of his activities without objection. Indeed, the requirement of written approval was disregarded by the parties from the inception of the agreement, money being spent by plaintiff and accounts being submitted therefor without any attempt at prior approval. It follows that the trial court was not in error in its findings on these items.

▮ Defendant also claims that an error in computation was made in crediting plaintiff with the share which he purchased from his daughter Laura. Without going into a detailed analysis of these figures, which appear to be correctly computed, it is sufficient to point out that the accounts were offered in evidence and testified to without objection to any items. The same may be said as to the argument that many of the items were uncertain and unexplained.

No points of substance are raised by appellant. The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.